EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendant
Nationwide Mutual Insurance Company
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 642-1900

**Document Electronically Filed**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————x
MARK PRZYBYLSKI,                :    CIVIL ACTION NO.
                 Plaintiff,    :
                     :
*vs.*                          :
                     :
NATIONWIDE MUTUAL INSURANCE :    **NOTICE OF REMOVAL**
COMPANY,                    :
                   Defendant.    :
                     :
———————————————————————x

TO:      THE HONORABLE JUDGES OF THE
          UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY

        Defendant, Nationwide Mutual Insurance Company (hereinafter referred to as "Defendant" or "Nationwide"), by and through its attorneys, Epstein Becker & Green, P.C., hereby gives notice of the removal of this action from the Superior Court of New Jersey, Morris County, to the United States District Court, District of New Jersey.  In support of the Notice of Removal, Nationwide states as follows:

        1.      Plaintiff, Mark Przybylski ("Plaintiff" or "Przybylski"), commenced this action on October 14, 2019 by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County, entitled Mark Przybylski v. Nationwide Mutual Insurance Company, Docket No. MRS-L-2212-19.  Said action is now pending in that court.

2.      Defendant received its first notice of the Complaint on October 30, 2019, when plaintiff served upon it a copy of the Summons and Complaint.

3.      A copy of each of the foregoing papers, which constitutes all of the processes and pleadings to date, is annexed hereto as **Exhibit A**.

4.      The above-captioned action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, in that:

(a)      Defendant, Nationwide, is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio.  Therefore, for purposes of 28 U.S.C. §1332, Nationwide is deemed a citizen of the State of Ohio. See Ex. A, ¶ 3.

(b)      Plaintiff, Mark Przybylski, is a citizen of the State of New Jersey. See Ex. A, ¶ 2.

(c)      The amount in controversy as alleged in the Complaint exceeds the sum of $75,000.  Plaintiff seeks damages for unpaid wages, liquidated damages, and attorney's fees and costs pursuant to, *inter alia*, the New Jersey Wage Theft Act, N.J. Stat. § 34:11-56a et seq. See Ex. A, p. 4. Plaintiff alleges he was paid $51,924.58 for "unspecified unpaid wages" and that said amount was less than he was owed and did not compensate him for wages or overtime pay for work prior to 2017. Id. ¶¶ 21-22. Under the New Jersey Wage Act, his claim for liquidated damages can be up to 200 percent (200%) of unpaid wages. N.J. Stat. § 34:11-56a25.  Though Nationwide denies that Plaintiff has any such entitlement, Plaintiff's allegations that he was belatedly paid $51,924.58, after applying a multiplier of 200%, amounts to a potential claim for up to $103,849.16 in liquidated damages. This alone exceeds the value of $75,000 for the purposes of diversity jurisdiction.

(d)      The above-captioned action is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between

2

citizens of different states.  Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, which may properly be removed to the Court pursuant to 28 U.S.C. §1441 et seq.

5.      In addition, the above-captioned action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331, and is one that may be removed to this Court by defendant pursuant to 28 U.S.C. §1441, in that:

(a)      Plaintiff's Complaint alleges claims arising under federal law in that Plaintiff alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq.  See Ex. A, ¶¶ 30, 32.  Accordingly, Plaintiff's claims allege a cause of action governed by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

(b)      This Court has original jurisdiction over the above-captioned action pursuant to the FLSA, which may properly be removed to this Court pursuant to 28 U.S.C. §1441.  See, e.g., Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 n.5 (3d Cir. 2004) (superseded by statute on other grounds) (stating that the District Court had jurisdiction under 28 U.S.C. §1331 because the case involved a federal question, and that removal was proper under 28 U.S.C. § 1441(b)); see also Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 386 (1998) (stating that removal based upon federal question is proper where plaintiff's claims "arise under" federal law).

(c)      This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.      This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

7.      Upon filing of this Notice of Removal, Defendant shall give written notice thereof to Damian Christian Shammas, Esq. and Colin M. Page, Esq., attorneys for Plaintiff, Mark Przybylski,

and Defendant shall file copies of said Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Morris County, Morristown, New Jersey.

8.     By filing this Notice, Defendant does not waive any defenses or claims which may be available to it.

9.     All defendants in this action have consented to the removal of this action to the District Court for the District of New Jersey.

WHEREFORE, Defendant, Nationwide Mutual Insurance Company, removes the above-captioned action now pending against it in the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

_s/ Maxine H. Neuhauser_
Maxine H. Neuhauser
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
Telephone:  (973) 642-1900
Facsimile:  (973) 642-0099
Email:  mneuhauser@ebglaw.com

DATED:  November 25, 2019

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this date I caused a copy of the foregoing Notice of Removal to be served upon Plaintiff, Mark Przybylski, via first class mail, to attorneys of Plaintiff, Collin M. Page, Esq., at 2001 Route 46, Suite 310, Parsippany, New Jersey 07054 and to Damian Christian Shammas, Esq. at 6 South Street, Suite 301, Morristown, New Jersey 07960.  I hereby further certify that I caused a copy of Defendant's Rule 7.1 Corporate Disclosure Statement, Certification Pursuant to Local Civil Rule 11.2, and Clerk's Order Extending Time Pursuant To Local Rule 6.1(b) to be served upon Plaintiff, via first class mail, to attorneys of Plaintiff, Collin M. Page, Esq., at 2001 Route 46, Suite 310, Parsippany, New Jersey 07054 and to Damian Christian Shammas, Esq. at 6 South Street, Suite 301, Morristown, New Jersey 07960.  I hereby further certify that I caused a copy of the foregoing document to be filed with the Clerk, Superior Court of New Jersey, Morris County Courthouse, Washington & Court Streets, Morristown, New Jersey 07963 via eCourts.

*s/ Maxine H. Neuhauser*
Maxine H. Neuhauser
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
Telephone:  (973) 642-1900
Facsimile:  (973) 642-0099
Email:  mneuhauser@ebglaw.com

DATED:  November 25, 2019